IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Alonza Dennis, | ) | Case No.: 6:20-3973-JD-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Warden of Perry Correctional | ) | |
| Institution, | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Alonza Dennis ("Dennis" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, is currently incarcerated at Perry Correctional Institution of the South Carolina Department of Corrections and has filed a petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254 against the Respondent Warden of Perry Correctional Institution ("Respondent").

Petitioner was sentenced to life without parole after a jury convicted him of assault and battery with intent to kill ("ABWIK") and possession of a weapon during the commission of a violent crime. (DE 32, p. 1.) The sentencing court denied Petitioner's motion for reconsideration, and the South Carolina Court of Appeals affirmed the decision. (DE 32, pp. 4-5.) Petitioner's subsequent post-conviction relief application ("PCR") was also dismissed by the trial court, and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

after the Supreme Court transferred the appeal to the South Carolina Court of Appeals, the South

Carolina Court of Appeals issued an order denying the petitioner's writ of certiorari. (DE 32, pp.

6-7.)

Dennis's § 2254 Petition raised the following grounds for relief:   1) whether his sentence

was imposed in violation of the Constitution or laws of the United States which  led to a sentencing

error, 2) Counsel's failure to seek application of the Jencks Act once the weapon was introduced

at trial, 3) whether there was a Fifth Amendment self-incrimination violation, and 4) whether the

trial judge erred by not including a charge of assault and battery of a high and aggravated nature

("ABHAN") as a lesser included offense to his ABWIK charge. (DE 32.) Respondent filed a

Motion for Summary Judgement contending *inter alia* that Petitioner is not entitled to relief

because his claims are either procedurally barred or not cognizable under federal law, or the record

shows the state appellate court reasonably applied federal law on facts well-supported by the

record. (DE 23.) The Report recommends granting Respondent's Motion for Summary Judgment

and dismissing the Petition.

Although Petitioner has filed an objection to the Report (DE 34), to be actionable,

objections to the Report and Recommendation must be specific. Failure to file specific objections

constitutes a waiver of a party's right to further judicial review, including appellate review, if the

recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94

& n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver

rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to

focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn,

474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate

judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner's main objections encompass the events surrounding his arrest and interrogation wherein he claims his Constitutional rights were violated. (DE 34, pp. 3-4.) The Court finds that the Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report. Therefore, the Court overrules this objection because it was already addressed and dismissed by the PCR court and Petitioner has not shown how the State Court decision was in error. (DE 32, p. 5); see also Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000) ("[a] federal court may now grant habeas relief only if it determines that the state court decision is contrary to, or an unreasonable application of Supreme Court jurisprudence . . . ."). Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and incorporates it herein and grants Respondent's Motion for Summary Judgment.

It is, therefore, **ORDERED** that the Respondent's Motion for Summary Judgment (DE 24) is granted. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

October 27, 2021
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.